## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jermaine Ransom, #287057, | ) | Civil Action No. 6:09-1246-PMD-WMC |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Cpt. James Gray Jr.; Pfc. K. McCaskill; | ) | |
| Lt. Walter Davis; Capt. Feagan, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court upon Petitioner Jermaine Ransom's (Petitioner) Objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommended the court dismiss Petitioner's claim without prejudice and without issuance and service of process. Having reviewed the entire record, including the Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is incarcerated at the Walden Correctional Institution for a drug related offense. He seeks a writ of mandamus to compel the Clerk of Court for Marion County or the presiding judge to grant his motion to proceed *in forma pauperis* (IFP) in a state court case filed by Petitioner in the Court of Common Pleas for Marion County. The Magistrate Judge recommended that Petitioner's complaint be summarily dismissed.

## **STANDARD OF REVIEW FOR MAGISTRATE JUDGES R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## **ANALYSIS**

As the Magistrate Judge correctly noted, a federal district court may issue a writ of mandamus only against an employee or official of the United States. *See, e.g.*, *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986). In *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586 (4th Cir. 1969), an inmate sought a writ of mandamus to compel a state court to prepare a free transcript. *Id.* at 586. The Fourth Circuit Court of Appeals held that it lacked appellate jurisdiction over the courts of the State of North Carolina, and therefore lacked jurisdiction to issue the writ of mandamus. *Id.* at 587. In so doing, it also stated that a district court would lack jurisdiction to issue the writ. *Id.* Because the "Clerk of Court for Marion County and the presiding judge" are state court officials, Petitioner cannot obtain mandamus relief in this court. The state appellate system is the proper method by which Petitioner can seek the relief he requests.

## <u>CONCLUSION</u>

Based on the foregoing, the court **ORDERS** that Petitioner's claim is **DISMISSED** without prejudice and without issuance and service of process**.**

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 6, 2009**
**Charleston, SC**